SEYFARTH SHAW LLP
Julia N. Sarnoff (SBN 288531)
jsarnoff@seyfarth.com
Minh N. Vu (pro hac vice pending)
mvu@seyfarth.com
975 F Street N.W.
Washington, D.C., 20004
Telephone:   (202) 463-2400
Facsimile:    (202) 828-5393

SEYFARTH SHAW LLP
Myra B. Villamor (SBN 232912)
E-mail: mvillamor@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:    (310) 201-5219

Attorneys for Defendant
ENTERPRISE RENT-A-CAR
COMPANY OF LOS ANGELES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Shonna Counter**,<br><br>Plaintiff,<br><br>v.<br><br>**Enterprise Rent-A-Car Company of Los Angeles, LLC**, a Delaware Limited Liability Company; and Does 1-10,<br><br>Defendants. | Case No. 2:18-cv-10290-GW-AGR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(1)**<br><br>*[Filed concurrently with Notice of Motion and Motion to Dismiss, Decl. of Paul McGlynn, Decl. of Kelly DeMarchi, Decl. of Jason Perla, Decl. of Deborah Manson, Decl. of Jesse Brownbey, Decl. of Julia N. Sarnoff, and Proposed Order]*<br><br>Hearing Date: June 17, 2019<br>Time:               8:30 a.m.<br>Place:              Courtroom 9D<br>Judge:             Hon. George H. Wu<br><br>Date Action Filed:  December 12, 2018<br>Trial Date:  None Set |

# TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................................1

II.    RELEVANT PROCEDURAL HISTORY ...................................................3

III.   PLAINTIFF'S UNVERIFIED ALLEGATIONS AND
       DEFENDANT'S CONTRARY EVIDENCE.............................................4

       A.    PLAINTIFF'S ALLEGED VISITS TO ENTERPRISE LA
             CIENEGA IN 2018.......................................................................4

       B.    PLAINTIFF'S ALLEGED PATRONAGE OF ANOTHER
             ENTERPRISE RENT A CAR LOCATION AND DESIRE TO
             RETURN TO ENTERPRISE LA CIENEGA ...................................6

       C.    PLAINTIFF'S ALLEGED MARCH 13, 2019 VISIT TO
             ENTERPRISE LA CIENEGA ........................................................7

       D.    ENTERPRISE'S POLICIES AND PROCEDURES FOR
             KEEPING ACCESSIBLE PARKING SPACES CLEAR OF
             RENTAL CAR INVENTORY ........................................................9

IV.    ARGUMENT .......................................................................................11

       A.    THE APPLICABLE LEGAL STANDARD FOR A MOTION
             TO DISMISS UNDER FRCP 12(B)(I) ..........................................11

       B.    THE AMENDED COMPLAINT MUST BE DISMISSED
             BECAUSE PLAINTIFF LACKS ARTICLE III STANDING......12

             1.   Article III Standing Requirements.........................................12

             2.   Plaintiff Faces No Threat of Imminent Injury. .....................12

             3.   Plaintiff Has Not Suffered a "Concrete and
                  Particularized" Injury...........................................................16

V.     THE COURT SHOULD DECLINE TO EXERCISE
       SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE
       LAW CLAIM. ......................................................................................19

VI.    CONCLUSION....................................................................................20

i

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*Anderson v. Astrue*,
No. 1: 08–cv–00033–SMS, 2008 WL 4506606 (E.D. Cal. Oct. 7,
5
2008) ........................................................................................................ 11

6

*Antonio v. Vanareth Kim Yi*,
No. 2:14-CV-04323-SVW-AS, 2015 WL 13603781 (C.D. Cal.
7
Mar. 4, 2015) .............................................................................. 14, 15, 19

8

*Carpenter v. Raintree Realty, LLC*,
No. CV 11–06798–RGK, 2012 WL 2579179 (C.D. Cal. July 2,
9
2012) ........................................................................................................ 19

10

*Chapman v. Pier 1 (U.S.) Imports, Inc.*,
631 F.3d 939 (9th Cir. 2011) ............................................. 13, 16, 17
11

*City of Los Angeles v. Lyons*,
12
461 U.S. 95 (1983) .............................................................................. 12

13

*Feezor v. Patterson*,
896 F. Supp. 2d 895 (E.D. Cal. 2012) ........................................ 16
14

*Fortyune v. Am. Multi-Cinema Inc.*,
15
364 F.3d 1075 (9th Cir. 2004) ........................................................ 12

16

*Hubbard v. 7-Eleven*,
433 F. Supp. 2d 1134 (S.D. Cal 2006) ........................................ 16
17

*Imagineering, Inc. v. Kiewit Pacific Co.*,
18
976 F.2d 1303 (9th Cir. 1992) ........................................................ 19

19

*Krist v. Kolombos Rest. Inc.*,
688 F.3d 89 (2d Cir. 2012) .............................................................. 18
20

*Lerma v. NTT McKee Retail Center, LLC*,
21
2011 WL 4948667 (N.D. Cal., Oct. 18, 2011) ........................ 19

22

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) ................................................................... 12, 16
23

*Meggs v. MHD Vegas Realty Corp.*,
24
No. 2:14-CV-1798 JCM (CWH), 2016 WL 1048014 (D. Nev. Mar.
10, 2016) .................................................................................................. 14
25

*Midgett v. Tri–Cnty. Met. Trans. Dist. of Or.*,
26
254 F.3d 846 (9th Cir. 2001) .......................................................... 12

27

28

ii

*Molski v. EOS Estate Winery*,
  No. CV 03-5880-GAF, 2004 WL 3952249 (C.D. Cal. July 14,
  2005) .......................................................................................................... 20

*Norkunas v. Wynn Resorts Holdings, LLC*,
  No. 2:07-cv-00096-RLH-PAL, 2007 WL 2949569 (D. Nev. Oct.
  10, 2007), *aff'd sub nom. Norkunas v. Wynn Las Vegas, LLC*, 343
  F. App'x 269 (9th Cir. 2009) .............................................................. 13, 14

*O'Connor v. Scottsdale Healthcare Corp.*,
  871 F. Supp. 2d 900 (D. Ariz. 2012) ...................................................... 18

*Pickern v. Best Western Timber Cove Lodge Marina Resort*,
  194 F. Supp. 2d 1128 (E.D. Cal. 2002) ............................................ 19, 20

*Pinnock v. Safino Designs, Inc.*,
  2007 WL 2462107 (S.D. Cal., Aug. 29, 2007) ........................................ 19

*Poway Unified School Dist. v. K.C. ex rel. Cheng*,
  2014 WL 129086 (S.D. Cal., Jan. 14, 2014) ........................................... 16

*Rush v. Denco Enterprises, Inc.*,
  No. EDCV 11–00030 DOC (DTBx), 2011 WL 1812752 (C.D. Cal.
  May 12, 2011) ..................................................................................... 11, 17

*Safe Air for Everyone v. Meyer*,
  373 F.3d 1035 (9th Cir. 2004) ................................................................ 11

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016) ............................................ 16

*United Mine Workers v. Gibbs*,
  383 U.S. 715 (1966) ................................................................................ 20

*Vogel v. Sym Properties, LLC*,
  No. CV 15-09855-AB (ASX), 2017 WL 4586348 (C.D. Cal. Aug.
  4, 2017) .................................................................................................... 14

*Vogel v. Winchell's Donut Houses Operating Co.*,
  LP, 252 F. Supp. 3d 977 (C.D. Cal. 2017) ....................................... 15, 19

*Wander v. Kaus*,
  304 F.3d 856 (9th Cir. 2002) .................................................................. 19

*Wilson v. Costco Wholesale Corp.*,
  426 F. Supp. 2d 1115 (S.D. Cal. 2006) .................................................. 15

**Federal Statutes**

28 U.S.C. § 1367(a) ...................................................................................... 19

28 U.S.C. § 1367(c)(2) .................................................................................. 20

28 U.S.C. § 1367(c)(3) .................................................................................. 19

iii

ADA, 42 U.S.C. § 12188 (a)(2).........................................................................16

**State Statutes**

Cal. Civ. Code § 51.........................................................................................19

Cal. Civ. Code § 52.........................................................................................19

**Rules**

Fed. R. Civ. P. 12(b)(1) ..........................................................................1, 3, 4, 11

**Constitutional Provisions**

U.S. Const. Article III, § 2.............................................................................12

iv

56778686v.2

# I.    INTRODUCTION

Plaintiff Shonna Counter ("Plaintiff") claims that Defendant Enterprise Rent-A-Car Company of Los Angeles, LLC ("Defendant") violated Title III of the Americans with Disabilities Act ("ADA") and California state law because employees of the Enterprise Rent A Car location on La Cienega Boulevard in Los Angeles ("Enterprise La Cienega") parked rental vehicles in the accessible parking spaces designated for customers with disabilities.  As set forth below, Defendant mounts a factual attack on Plaintiff's standing to assert an ADA claim and maintains that the matter must be dismissed under Federal Rule of Civil Procedure 12(b)(1).  Additionally, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining California state law claim.

In support of this motion, Defendant is submitting five sworn declarations contesting the allegations in the First Amended Complaint (the "Amended Complaint") that pertain to the Plaintiff's standing and, more specifically, the likelihood of a future imminent injury.  As the Court previously recognized in its Tentative Ruling on Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(1) (Dkt No. 15), Plaintiff cannot, in the face of Defendant's evidence, simply rest on her complaint allegations.  She must submit affirmative evidence to establish by a preponderance of the evidence that she does have standing, and the Court can weigh the credibility of the evidence in making its determination.

As set forth below, Plaintiff does not have standing to assert a claim under Title III of the ADA, because she (1) does not face a *real and immediate* threat of an injury in fact and (2) the injury she claims to face is not *concrete and particularized*.

Plaintiff faces no "real and immediate threat" of an injury because she is not an Enterprise customer and does not appear to have any reason to patronize

1

56778686v.2

1   Enterprise La Cienega in the foreseeable future.  Contrary to Plaintiff's allegations

2   in the Amended Complaint that she visited Enterprise La Cienega "at least a dozen

3   times during 2018" and now "uses another Enterprise Rent-A-Car location,"

4   Defendant has no record of Plaintiff making a reservation at any Enterprise Rent A

5   Car location in all of Southern California since January 1, 2018.  Plaintiff does not

6   dispute this fact.  Instead, she alleges in the Amended Complaint that her alleged

7   caregiver made reservations on her behalf at another Enterprise Rent A Car

8   location.  Defendant disputes this claim and submits evidence that none of the

9   caregiver's reservations listed Plaintiff as a driver or co-signer.  Moreover, even if

10  Plaintiff were a legitimate Enterprise customer, which Defendant disputes, the

11  Amended Complaint still fails to allege that Plaintiff has any definite and concrete

12  plans to visit Enterprise La Cienega in the future, or why she would even need to

13  rent a car from this Enterprise location.

14          The Amended Complaint also fails to allege facts sufficient to show that

15  Plaintiff experienced a "concrete and particularized" injury.  To show a concrete

16  and particularized injury, plaintiffs in ADA Title III cases must identify the

17  specific barriers to access they encountered and explain how each barrier affected

18  them personally.  The Amended Complaint does not identify how the alleged

19  barriers in the accessible parking spaces prevented Plaintiff from renting a vehicle

20  from Enterprise La Cienega, nor does Plaintiff allege that she actually needed an

21  accessible parking space during her alleged visits to the property.  To the contrary,

22  Plaintiff claims that her car was totaled in February 2018 and that she went to

23  Enterprise La Cienega in 2018 with the intention of renting a replacement vehicle.

24  This suggests that she did not drive herself to the Enterprise La Cienega, in which

25  case she could have been dropped off at the accessible entrance to the Property and

26  avoided the need for an accessible parking space altogether.  Furthermore,

27  Plaintiff's allegation that she returned to Enterprise La Cienega "at least a dozen

28

2

times during 2018" undermines her claim that she was deterred from visiting the business or injured by the accessible parking barriers she allegedly encountered.

Plaintiff's new allegations concerning a March 13, 2019 visit to Enterprise La Cienega also do not establish a "real and immediate" threat of an injury in fact. Plaintiff alleges that during this visit she observed a rental vehicle parked in an accessible parking space. This vehicle, however, displayed a parking placard, as established by the sworn declaration of the employee who was working on that date and sought to interact with the man who was taking photos of the vehicle. Plaintiff's additional claim that she was harassed and chased off the property by an Enterprise La Cienega employee is unsubstantiated, and contradicts the same employee's sworn statement that no such exchange took place and Plaintiff was not even present.

For the foregoing reasons, Plaintiff cannot establish by a preponderance of the evidence that this Court has subject matter jurisdiction over her ADA claim and it must be dismissed. The Court should also exercise its discretion to decline supplemental jurisdiction over her California state law claim.

## II.    RELEVANT PROCEDURAL HISTORY

Plaintiff filed the initial Complaint on December 4, 2018 asserting that Enterprise La Cienega's alleged practice of parking rental cars in the accessible parking spaces for customers violated the ADA and California state law. ("Complaint," Dkt. No. 1.) In response, Defendant mounted a factual attack on Plaintiff's standing and moved to dismiss the case under FRCP 12(b)(1). *See* "Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(1)," Dkt. No. 10. Defendant supported its factual attack with sworn declarations which contradicted Plaintiff's unsubstantiated allegations, including but not limited to her claimed visits to the property and desire to rent a car in the future from Enterprise La Cienega. *Id.* Curiously, in opposing Defendant's

56778686v.2

1   motion, Plaintiff did not file a sworn declaration or any other admissible evidence.

2   *See* "Plaintiff's Opposition to Defendants' Motion to Dismiss," Dkt. No. 12.  After

3   Defendant filed its reply brief pointing out that Plaintiff had failed to produce any

4   evidence to meet her burden of establishing this Court's jurisdiction,[1] the Court

5   agreed that standing had not been established but stated in its tentative ruling that it

6   would give Plaintiff a chance to submit such evidence after the normal briefing

7   cycle had closed.  *See* "Tentative Ruling on Defendant's Motion to Dismiss

8   Plaintiff's Complaint Pursuant to FRCP 12(b)(1)," Dkt. No. 16.

9          Despite the Court's observation that Plaintiff had not submitted any

10  evidence to support her standing, Plaintiff did not submit a declaration or other

11  evidence.  Instead, she filed an unverified Amended Complaint.  As set forth

12  below, Plaintiff's standing cannot be based on the allegations of the Amended

13  Complaint when Defendant has introduced substantial evidence showing that

14  Plaintiff lacks standing.  Plaintiff must either present her own evidence in her

15  opposition to this motion, or face a dismissal of her claims.

16  **III.   PLAINTIFF'S UNVERIFIED ALLEGATIONS AND**
**         DEFENDANT'S CONTRARY EVIDENCE**
17

18         **A.    PLAINTIFF'S ALLEGED VISITS TO ENTERPRISE LA**
**                CIENEGA IN 2018**

19         Plaintiff alleges that she has a mobility disability and drives a van that has a

20  disability placard issued by the state of California.  (First Amended Complaint

21  ("Am. Compl.") ¶ 1.)  She claims that her car was totaled in a car accident in

22  February 2018, and that thereafter she "had a need and desire to rent vehicles from

23  Enterprise." (Am. Compl. ¶ 13.)

24         Plaintiff alleges that she went to Enterprise La Cienega "at least a dozen

25  times during 2018" with the desire to rent a vehicle.  (Am. Compl. ¶ 13.)  Plaintiff

26  claims that Enterprise La Cienega does have accessible parking spaces, but

27  ────────────────────

28  [1] *See* "Defendant's Reply Brief in Support of Motion to Dismiss Plaintiff's
    Complaint Pursuant to FRCP 12(b)(1)," Dkt. No. 13.

Defendant "park[s] rental inventory in these spaces on a regular and consistent basis" and thereby impedes the accessible spaces' use by customers with disabilities. (Am. Compl. ¶ 16.)  Plaintiff alleges that she complained about rental vehicles being parked in the accessible parking spaces to Enterprise La Cienega employees and to a customer service representative on Defendant's customer service telephone line, but that her complaints were ignored.  (Am. Compl. ¶¶ 18, 21.)

In response to Plaintiff's unsubstantiated allegations regarding her alleged 2018 visits to Enterprise La Cienega, Defendant submits with this motion a sworn declaration stating that Enterprise has no record of Plaintiff reserving or renting a vehicle from Enterprise La Cienega or any other Enterprise Rent A Car location in Southern California since January 1, 2018. *See* Exhibit A, Declaration of Paul McGlynn ("McGlynn Decl.") at ¶¶ 7-10.[2]

Defendant also has no record of Plaintiff making any complaints about rental vehicles being parked in the accessible parking spaces at Enterprise La Cienega. Defendant searched its customer service telephone line records (which go back 90 days) for any complaints made by Plaintiff, but these searches of Defendant's customer service telephone line records did not return any results.[3]  *See* McGlynn Decl. at ¶ 11.  The Branch Rental Manager of Enterprise La Cienega, who is responsible for monitoring and addressing customer complaints concerning

_____

[2] Defendant conducted a thorough search of the 2018-2019 reservation and rental records for all Enterprise Rent A Car locations in Southern California and did not find a single reservation or rental under the name "Shonna Counter."  Defendant also searched its reservation and rental records for variations on Plaintiff's name, and was unable to find any reservations or rentals under those names.  *See* McGlynn Decl. at ¶¶ 7-8.

[3] Defendant searched Google for possible phone numbers for Plaintiff, so that it could search its customer service telephone line records (which go back 90 days) for any complaints made by Plaintiff.  *See* McGlynn Decl. at ¶ 9.  Defendant found five telephone numbers associated with the name "Shonna Counter," but searches of Defendant's customer service telephone line records for these numbers did not return any results.  *See* McGlynn Decl. at ¶¶ 9, 11.

Enterprise La Cienega, is also unaware of any in-person complaints made by Plaintiff concerning rental vehicles parked in the accessible spaces.  *See* Exhibit B, Declaration of Jason Perla ("Perla Decl.) at ¶ 4.

Defendant further notes that the Amended Complaint does not identify how the alleged barriers in the accessible parking spaces actually precluded Plaintiff from renting a vehicle from Enterprise La Cienega.  Plaintiff does not state that she required an accessible parking space during her dozen or more alleged visits to Enterprise La Cienega in 2018, or that she drove herself during these visits. Indeed, Plaintiff claims that on one occasion an employee told her he could move the rental vehicles out of the parking spaces if Plaintiff needed to use them (Am. Compl. ¶ 18), but that she subsequently managed "to squeeze by the rental cars parked in the parking spaces and access aisle reserved for persons with disabilities, [and] went inside the Enterprise to get a manager."  (Am. Compl. ¶ 19.)

## B.   PLAINTIFF'S ALLEGED PATRONAGE OF ANOTHER ENTERPRISE RENT A CAR LOCATION AND DESIRE TO RETURN TO ENTERPRISE LA CIENEGA

Plaintiff claims that "because of the parking situation at Enterprise [La Cienega]," she "now reluctantly uses another Enterprise Rent-A-Car that is not conveniently located."  (Am. Compl. ¶ 33.)  Plaintiff does not claim that she personally has made any reservations at another Enterprise Rent A Car location. Instead, she claims that Garry Kann, her "approved In-Home Supportive Services provider," rented a vehicle on Plaintiff's behalf from another Enterprise Rent A Car location on five occasions in 2018 and 2019.  (Am. Compl. ¶ 34.)

In response to these unverified allegations, Defendant submits evidence with this motion showing that Mr. Kann's reservations at another Enterprise Rent A Car location were made in his own name, and that Plaintiff was not listed as a second driver on any of these reservations.  *See* McGlynn Decl. at ¶¶ 12-17, and Exhibits 1-5 thereto.  Indeed, there is no indication that Mr. Kann's reservations related to

Plaintiff in any way, or to the alleged car accident that supposedly precipitated Plaintiff's need for a rental vehicle in February 2018.  The reservation records show that Mr. Kann told Enterprise that he required a rental vehicle for the "weekend" and "errands."  *Id.* at ¶¶ 15-16, and Exhibits 3-4 thereto.  Moreover, Mr. Kann paid for the reservations himself which not be standard practice if the rental was needed because of a car accident. *Id.* at ¶¶ 13-17, and Exhibits 1-5 thereto.  Mr. Kann's rental records further indicate that he is an employee of an investment banking firm, calling into question his alleged role as Plaintiff's official caregiver.  *Id.* at ¶¶ 15-16, and Exhibits 3-4 thereto.

Plaintiff claims that due to Enterprise La Cienega's convenient location, she "would love to go to this Enterprise location" and that she "will return to Enterprise [La Cienega] to avail herself of its goods or service once the barriers are removed."  (Am. Compl. ¶¶ 33, 39.)  However, the Amended Complaint does not indicate why Plaintiff would want or need to rent a vehicle from the Enterprise La Cienega more than a year (15 months) after her February 2018 car accident, or why Plaintiff would want to rent from Enterprise Rent A Car, as opposed to some other car rental company.  Plaintiff simply states that "Enterprise would be Plaintiff's first choice to rent a vehicle were the barriers removed," and that "if the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again." (Am. Compl. ¶ 39.)

### C.   PLAINTIFF'S ALLEGED MARCH 13, 2019 VISIT TO ENTERPRISE LA CIENEGA

Plaintiff alleges that she visited Enterprise La Cienega on March 13, 2019, "to see for herself whether Defendants were still parking vehicles in spaces reserved for persons with disabilities."  (Am. Compl. ¶ 24.)  Plaintiff alleges that during this visit, she observed a rental vehicle parked in an accessible space and that she took a photo of the improperly parked rental vehicle.  (Am. Compl. ¶¶ 25-26.)  Plaintiff claims that an Enterprise La Cienega employee saw her take the

7

1   photo, and that the employee "screamed obscenities at Plaintiff" and "chased" her

2   when she tried to leave the premises.  (Am. Compl. ¶¶ 27-30.)  Plaintiff claims the

3   employee's conduct was "morally offensive."  (Am. Compl. ¶ 32.)

4         Defendant disputes Plaintiff's unverified allegations concerning the events

5   of March 13, 2019, and encloses with this motion a declaration from the Enterprise

6   La Cienega employee who witnessed a man taking photos of a vehicle parked in an

7   accessible space on March 13, 2019.  *See* Exhibit C, Declaration of Jesse

8   Brownbey ("Brownbey Decl.") at ¶¶ 5-8.  Mr. Brownbey saw this man drive into

9   the Enterprise La Cienega parking lot, jump out of his black vehicle, and take a

10  photo of a vehicle that was parked in one of the accessible parking spaces.  *Id.* at ¶

11  5.  After taking the photo, the man immediately got back into his vehicle and

12  started driving in Mr. Brownbey's direction towards the exit of Enterprise La

13  Cienega.  *Id.*  The man did not appear to be an Enterprise customer, and Mr.

14  Brownbey did not see a woman or anyone else with the man.  *Id.*

15        When Mr. Brownbey saw the man take the photo, he immediately went to

16  the vehicle parked in the accessible space and observed that there was a disability

17  parking placard hanging from the vehicle's rear-view mirror.  *Id.* at ¶ 6.  After Mr.

18  Brownbey saw the disability parking placard, he noticed that the man who took the

19  photo was parked in his vehicle at a stop light just outside of the Enterprise La

20  Cienega parking lot.  *Id.* at ¶ 7.  Given the man's haste in taking the photo, Mr.

21  Brownbey suspected that the man had not seen the disability placard.  *Id.*  Mr.

22  Brownbey walked to the passenger-side of the man's vehicle and asked the man

23  through his passenger-side window if he had forgotten to take a photo of the

24  disability placard.  *Id.*  Mr. Brownbey did not raise his voice or scream obscenities

25  at any point during this exchange.  The man did not respond, and drove away as

26  soon as the light turned green.  *Id.*  Mr. Brownbey did not see anyone else in the

27  vehicle with the man.  *Id.*

28

8

1    As soon as the man drove away, Mr. Brownbey returned to the vehicle in the

2  accessible parking space and took a photo of the vehicle's license plate and the

3  disability parking placard hanging from the vehicle's rear-view window.  *Id.* at ¶ 8.

4  Mr. Brownbey's personally authenticated photos of the vehicle accompany this

5  motion.  *Id.* at ¶ 8, and Exhibit 2 thereto.

6
7    **D.   ENTERPRISE'S POLICIES AND PROCEDURES FOR
          KEEPING ACCESSIBLE PARKING SPACES CLEAR OF
          RENTAL CAR INVENTORY**

8    Plaintiff alleges that Defendant has "absolutely no policy of prohibiting

9  employees from using the parking spaces marked and reserved for persons with

10  disabilities for rental inventory vehicles."  (Am. Compl. ¶ 17.)

11    In response to Plaintiff's unsubstantiated allegation, Defendant submits

12  sworn declarations which describe Enterprise's commitment to complying with the

13  ADA and to providing excellent customer service to all individuals, including

14  individuals with disabilities.  *See* Exhibit D, Declaration of Kelly DeMarchi

15  ("DeMarchi Decl.") at ¶ 4.  Defendant has implemented a policy which specifically

16  prohibits all Enterprise Rent A Car employees in Southern California (including

17  employees of Enterprise La Cienega) from parking rental vehicles in accessible

18  parking spaces and the access aisles serving those accessible spaces (the

19  "Accessible Parking Policy").  *Id.* at ¶ 5.  The Accessible Parking Policy states:

20
21    It is our company policy to not stage cars in our
      accessible parking spaces nor park vehicles on the blue
      path of travel striping on the lot.

22
23    Do not allow customers to park rental cars in an
      accessible space or access aisle unless he or she has a
      disabled person parking placard.

24
25    - If a customer who does not have a disabled
      person parking placard happens to return a rental
      and parks in an accessible space, please move the
      vehicle promptly.

26
27    - If a customer who does not have a disabled
      person parking placard parks his or her own car in

28

9

56778686v.2

the accessible space or access aisle, inform the customer that the car must be moved immediately.

- If the customer cannot be found, have the car towed.

*See* DeMarchi Decl. at ¶ 5, and Exhibit 2 thereto.

Defendant's Human Resources Generalist Manager for the Los Angeles Metro Area circulated the Accessible Parking Policy to Enterprise La Cienega employees in an email memorandum dated February 7, 2019.[4]  *Id.* at ¶ 6, and Exhibit 3 thereto.  This memorandum reminded Enterprise La Cienega employees that accessible parking spaces and access aisles may only be used by customers who display a disabled person parking placard, and that the accessible parking spaces and access aisles must otherwise be kept entirely clear of cars or any other obstructions at all times.  *Id.*  All Enterprise La Cienega employees were required to sign a copy of the Accessible Parking Policy acknowledging that they understand and will comply with the Policy.  *See* Exhibit E, Declaration of Deborah Manson ("Manson Decl.) at ¶ 5, and Exhibit 1 thereto.

Since implementing the Accessible Parking Policy, the Branch Rental Manager of Enterprise La Cienega has closely monitored the accessible parking spaces at the property and confirmed that the Policy is being followed by Enterprise La Cienega employees.  *See* Perla Decl. at ¶ 7.  Photos of the accessible parking spaces taken by the Branch Rental Manager on February 11, 13, 15, and 18, 2019, and on May 9 and 10, 2019 indicate that the Policy is being followed.  *See id.* at ¶¶ 7-14, and Exhibits 3-9 thereto.

---

[4] The Accessible Parking Policy was distributed to all Enterprise Rent A Car employees in Southern California, including employees of the Enterprise La Cienega.

10

1   # IV.   ARGUMENT

2   ## A.   THE APPLICABLE LEGAL STANDARD FOR A MOTION TO DISMISS UNDER FRCP 12(B)(I)

3   Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be

4   dismissed if the Court lacks subject matter jurisdiction to adjudicate the claims.  A

5   motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of

6   Civil Procedure 12(b)(1) may be either "facial" or "factual." *Safe Air for Everyone*

7   *v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack is based on the

8   premise that the allegations in the complaint, accepted as true, are insufficient to

9   invoke federal jurisdiction.  *Id*.  By contrast, in a factual attack, "the challenger

10  disputes the truth of the allegations that, by themselves, would otherwise invoke

11  federal jurisdiction." *Id*.  When a defendant factually challenges the plaintiff's

12  assertion of jurisdiction, a court does not presume the truthfulness of the plaintiff's

13  allegations and may consider evidence extrinsic to the complaint. *Id.*  "In a factual

14  attack, the Court may consider evidence presented on the jurisdictional issue,

15  weigh the evidence, and rule on that issue, resolving factual disputes if necessary."

16  *Anderson v. Astrue*, No. 1: 08–cv–00033–SMS, 2008 WL 4506606 at *1 (E.D. Cal.

17  Oct. 7, 2008).

18  "Once subject matter jurisdiction is challenged, the burden of proof is placed

19  on the party asserting that jurisdiction exists." *Rush v. Denco Enterprises, Inc*.,

20  No. EDCV 11–00030 DOC (DTBx), 2011 WL 1812752 (C.D. Cal. May 12, 2011).

21  Accordingly, the court presumes lack of subject matter jurisdiction until the

22  plaintiff proves otherwise. *Id*.

23  By this motion, Defendant is making a factual challenge to Plaintiff's

24  standing and the Court's jurisdiction over this case.  In support of its motion,

25  Defendant submits sworn declarations and authenticated documents which

26  contradict Plaintiff's allegations in the Amended Complaint.  Thus, it is now

27

28

11

56778686v.2

Plaintiff's burden to produce evidence that the Court has subject matter jurisdiction over this action.

### B.   THE AMENDED COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF LACKS ARTICLE III STANDING

#### 1.   Article III Standing Requirements.

An element of subject matter jurisdiction is the existence of standing, which is required to satisfy Article III's case or controversy requirement.  *See* U.S. Const. art. III, § 2.  In order "to satisfy Article III's standing requirements, a plaintiff must show (1) she has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992).

Where, as here, the basis of federal court jurisdiction is Title III of the ADA which only provides for injunctive relief, a plaintiff must also show she faces a "***real and immediate threat of repeated injury***."  *Fortyune v. Am. Multi-Cinema Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)) (emphasis added).  Past illegal conduct alone is insufficient to give rise to an actual or imminent injury.  *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Midgett v. Tri–Cnty. Met. Trans. Dist. of Or.*, 254 F.3d 846, 850 (9th Cir. 2001).

#### 2.   Plaintiff Faces No Threat of Imminent Injury.

Plaintiff faces no "real and immediate threat" of an injury because the Amended Complaint fails to allege any "definite and concrete plans" to visit the Enterprise La Cienega in the future or even a need for a rental vehicle (such that Plaintiff would have a need to visit the Enterprise La Cienega in the first place). The Amended Complaint also fails to allege any deterrence injury because Plaintiff has not shown that she would have a desire and reason to visit Enterprise La

12

1   Cienega in the future.  As the Ninth Circuit has made clear, "some day
2   intentions—without any description of concrete plans, or indeed even any
3   specification of when the some day will be—do not support a finding of actual or
4   imminent injury" sufficient to establish standing.  *Norkunas v. Wynn Resorts*
5   *Holdings, LLC*, No. 2:07-cv-00096-RLH-PAL, 2007 WL 2949569 at *1 (D. Nev.
6   Oct. 10, 2007) (internal quotations and citations omitted), *aff'd sub nom. Norkunas*
7   *v. Wynn Las Vegas, LLC*, 343 F. App'x 269 (9th Cir. 2009)  Even when a plaintiff
8   claims that she is deterred from visiting a non-compliant public accommodation,
9   the plaintiff still has to show that she would have a desire and reason to visit the
10  non-compliant accommodations but for the known barriers.  *Chapman v. Pier 1*
11  *(U.S.) Imports, Inc.*, 631 F.3d 939, 954 (9th Cir. 2011).

12          Plaintiff claims that she "had a need and desire to rent vehicles from
13  Enterprise" because her car was totaled in a car accident in February 2018 (Am.
14  Compl. ¶ 13), but the Amended Complaint fails to explain why she still needs a
15  rental vehicle more than a year after the alleged car accident.  Moreover, although
16  Plaintiff claims that she visited Enterprise La Cienega at least twelve times in 2018
17  and that she now uses another Enterprise Rent A Car location that is less
18  conveniently located (Am. Compl. ¶¶ 13, 33), Enterprise has no record of Plaintiff
19  having a reservation at any Enterprise Rent A Car location in all of Southern
20  California since January 1, 2018.  *See* McGlynn Decl. at ¶¶ 7-10.  Plaintiff does not
21  dispute this fact, but says in the Amended Complaint that her caregiver made
22  reservations on her behalf at another Enterprise Rent A Car location.

23          Plaintiff's allegation that her caregiver made reservations on her behalf
24  cannot be reconciled with Defendant's records showing that Plaintiff is not
25  identified as a driver on any of her caregiver's reservations.  *See* McGlynn Decl. at
26  ¶¶ 12-17, and Exhibits 1-5 thereto.  Defendant's records also indicate that the
27  caregiver's rentals had nothing to do with Plaintiff or a car accident.  *Id.*  Thus,
28

13

Plaintiff's claim that "[g]iven its location and options, plaintiff will continue to desire to patronize Enterprise" (Am. Compl. ¶ 49) is not supported by any evidence, and Plaintiff's ADA claim must be dismissed for lack of standing. *See Vogel v. Sym Properties, LLC*, No. CV 15-09855-AB (ASX), 2017 WL 4586348, at *4 (C.D. Cal. Aug. 4, 2017) ("Where there is 'no regular pattern of patronizing [defendant's business],' however, courts have dismissed for lack of standing.") (citing to *Jones v. Sears Roebuck & Co.*, No. 2:05-cv-0535-MCE-KJM, 2006 WL 3437905, at *4 (E.D. Cal. Nov. 28, 2006)); *Antonio v. Vanareth Kim Yi*, No. 2:14-CV-04323-SVW-AS, 2015 WL 13603781, at *3 (C.D. Cal. Mar. 4, 2015) (plaintiff failed to show that his assertion of deterrence was not merely hypothetical as the plaintiff had no history of patronizing the defendant's business and he failed to explain why he would return if it was ADA compliant).[5]

Even if Plaintiff were a legitimate Enterprise Rent A Car customer, the Amended Complaint's vague allegations that "Plaintiff would love to go to this Enterprise" (Am. Compl. ¶ 35) and "will return to Enterprise to avail herself of its goods or services once the barriers are permanently removed" (Am. Compl. ¶ 39) do not establish the deterrence injury required to establish standing under the ADA. *See, e.g., Norkunas*, 2007 WL 2949569, at *1, *aff'd sub nom.* 343 F. App'x 269 (no imminent injury despite plaintiffs' claim that they had a desire to return to the defendant's casino in the future and that they had visited Las Vegas at least once a year); *Vogel*, 2017 WL 4586348, at *2 ("Plaintiff claims he 'encountered barriers (both physical and intangible),' and that '[h]e continues to be deterred from visiting the Shopping Center because of the future threats of injury created by

[5] *See also Meggs v. MHD Vegas Realty Corp.*, No. 2:14-CV-1798 JCM (CWH), 2016 WL 1048014 (D. Nev. Mar. 10, 2016) (granting motion to dismiss where plaintiff "visited" the hotel "numerous times," yet did not allege "a single date or time that he was a patron and stayed overnight," suggesting he merely drove by and had no concrete plans to return; past patronage bears on intended future patronage; merely alleging an intent to return is insufficient to show danger of imminent injury).

14

these barriers.' . . . These statements are conclusory and insufficient to establish Plaintiff is currently deterred from visiting the Shopping Center."); *Antonio,* 2015 WL 13603781, at *3 ("Plaintiff lacks evidence of genuine deterrence. Plaintiff's only evidence is his statement that the steps deterred him from returning, and he would patronize Kev's if it was ADA compliant.  This conclusory statement, by itself, is insufficient to establish standing."); *Wilson v. Costco Wholesale Corp.*, 426 F. Supp. 2d 1115, 1120 (S.D. Cal. 2006) ("Plaintiff's lack of concrete plans, or indeed of any specification of when he will return to the Store, do not support a finding of an 'actual or imminent' injury as required by law.").  Plaintiff's allegation that she has been to the La Cienega Location twelve times also clearly contradicts any claim that she is deterred from going to this property.

Plaintiff's allegations concerning her March 13, 2019 visit to the Property also do not support a finding that Plaintiff faces a future injury.  As described above, Defendant has proactively implemented an Accessible Parking Policy which prohibits employees from parking rental vehicles in the accessible parking spaces at Enterprise La Cienega (DeMarchi Decl. at ¶¶ 5-6), and the Accessible Parking Policy has been effective.  *See* Perla Decl. at ¶¶ 7-14, and Exhibits 3-9 thereto.  Indeed, on Plaintiff's alleged March 13, 2019 visit to Enterprise La Cienega, a rental car displaying an disability parking placard occupied the accessible parking space.  *See* Brownbey Decl. at ¶ 8, and Exhibit 2 thereto.  Accordingly, in combination with the fact that Plaintiff has not patronized Enterprise Rent A Car in the past, there is no real and imminent threat that Plaintiff will encounter barriers in the accessible parking spaces in the future, and there is also no injunctive relief to be had by Plaintiff under the ADA.  *See, e.g.*, *Vogel v. Winchell's Donut Houses Operating Co.*, LP, 252 F. Supp. 3d 977, 985 (C.D. Cal. 2017) (dismissing the plaintiff's ADA claim because defendant had corrected the

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS; CASE NO. 2:18-CV-10290-GW-AGR

alleged ADA violations in the accessible parking spaces and access aisles, rendering the plaintiff's claim moot).[6]

### 3. Plaintiff Has Not Suffered a "Concrete and Particularized" Injury.

The Amended Complaint also fails to allege facts sufficient to show that Plaintiff experienced a concrete and particularized injury as required for Article III standing. Establishing injury in fact requires a plaintiff to show that he or she suffered an injury, defined as an "an invasion of a legally protected interest," which is both particular to the individual and "concrete." *Lujan*, 504 U.S. at 560. As the Supreme Court held in *Spokeo*, a "concrete" injury is "real" rather than "abstract," and is not "automatically satisfie[d] . . . whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016).

The Ninth Circuit has also applied this requirement of concreteness in disability access lawsuits. In *Chapman v. Pier 1 (U.S.) Imports, Inc.*, the Ninth Circuit explained that a person with disability suffers an injury in fact when he "encounter[s] a barrier" at a place of public accommodation "that deprives him of full and equal enjoyment of the facility due to his particular disability." *Chapman*, 631 F.3d at 944. The Court held that Chapman failed to allege an injury because his complaint did not state how the barriers in the defendant's store affected his

---

[6] *See also Feezor v. Patterson*, 896 F. Supp. 2d 895, 901, fn. 4 (E.D. Cal. 2012) ("Because injunctive relief is the only remedy available under the ADA, 42 U.S.C. § 12188 (a)(2), when an alleged ADA violation is remedied, it renders a pending ADA claim moot."); *Hubbard v. 7-Eleven*, 433 F. Supp. 2d 1134, 1145 (S.D. Cal 2006) ("Because the only relief available under the ADA is injunctive, the fact that alleged barrier has been remedied renders the issue moot."); *Poway Unified School Dist. v. K.C. ex rel. Cheng*, 2014 WL 129086 at *4-5 (S.D. Cal., Jan. 14, 2014) (dismissing claims for lack of standing where injunctive relief sought was "premised on past harms" and there were no allegations that plaintiff "might at some point be subject to the…same policies and actions such that any live controversy warranting…injunctive relief exists.").

16

56778686v.2

specific disability so as to deny him the full and equal access that would satisfy the injury in fact requirement (*i.e*., that he personally suffered discrimination under the ADA on account of his disability).  *Id.* at 954-55.  *See also Rush*, 2011 WL 1812752, at *2 (to establish standing, "[a] plaintiff must identify the barriers that she personally encountered, connect to barriers to her disability, and state the manner in which the barriers impeded her full and equal enjoyment of the facility.")

Plaintiff's allegations here are similarly deficient.  While the Amended Complaint alleges that Plaintiff has a mobility disability and that the Enterprise La Cienega improperly used its accessible parking spaces to store rental car inventory (Am. Compl. ¶¶ 1, 16), the Amended Complaint does not identify how these alleged parking barriers actually impeded her from renting a vehicle from Enterprise La Cienega.  Notably, Plaintiff does not allege that she needed an accessible parking space during her dozen or more visits to the Enterprise La Cienega.  To the contrary, Plaintiff claims that her car was totaled in February 2018 and that she went to Enterprise with the intention of renting a new vehicle. (Am Compl. ¶ 13.)  This allegation suggests that she did not drive herself to the Enterprise La Cienega, in which case she could have been dropped off at the accessible entrance to the property and would not have needed to use the accessible parking space.  In fact, she says in the Amended Complaint that she managed to squeeze by the rental cars parked in the accessible parking spaces and go inside the Enterprise La Cienega, even though an employee told Plaintiff he could move the rental vehicles out of the parking spaces if Plaintiff needed to use them.  (Am. Compl. ¶¶ 18-19.)  Plaintiff also fails to explain why she returned to the Enterprise La Cienega "at least a dozen times during 2018" despite the barriers she claims to have encountered.  (Am. Compl. ¶ 13.)  These inconsistent allegations all point to the fact that  Plaintiff was not actually injured by the alleged barriers in the

17

1  accessible parking spaces, and that she did not truly intend to patronize Enterprise
2  La Cienega.

3      Plaintiff's new allegations concerning her March 13, 2019 visit to Enterprise
4  La Cienega also do not establish a past or future injury.  As explained above, the
5  vehicle parked in the accessible space had a disability placard and the space was
6  being used properly by an Enterprise La Cienega customer.  *See* Brownbey Decl. at
7  ¶ 8, and Exhibit 2 thereto.  Moreover, there is no evidence to support the allegedly
8  "morally offensive" conduct of an Enterprise La Cienega employee, or that
9  Plaintiff was even present at the property on March 13, 2019.  *See id.* at ¶¶ 5-7.
10  But even if an Enterprise La Cienega employee was rude to Plaintiff, which
11  Defendant vigorously disputes, this would not constitute a violation of the ADA.
12  As many courts have held, *the ADA does not impose a civility code.  See, e.g., ,*
13  *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 97 (2d Cir. 2012) (restaurant owners
14  who yelled at the plaintiff for bringing her service animal to their restaurant and
15  ordered plaintiff to leave the premises did not violate the ADA because "the ADA
16  does not impose a civility code"); *O'Connor v. Scottsdale Healthcare Corp.*, 871
17  F. Supp. 2d 900, 904 (D. Ariz. 2012) (delay and unpleasantness experienced by
18  plaintiff caused by hospital security guard's repeated demand that plaintiff register
19  her service dog, threat to call the police to arrest her, and order to exit the hospital
20  while he consulted with a supervisor was "too minor an injury to confer standing
21  under the ADA").

22      The foregoing authorities make clear that in order to establish an injury in
23  fact, Plaintiff must identify not only the barriers that she encountered, but also the
24  manner in which those barriers precluded her from enjoying the goods or services
25  at Enterprise La Cienega.  As it stands, Plaintiff's Amended Complaint fails to
26  allege facts showing that the alleged parking barriers prevented her from using the
27
28

18

56778686v.2

accessible parking spaces or renting a vehicle at Enterprise La Cienega.  Therefore, Plaintiff does not have standing to bring her ADA claim.

## V.   THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIM.

Jurisdiction over Plaintiff's California state law claim in this case rests upon supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).[7]  (Am. Compl. ¶ 11). Once a federal court has dismissed a plaintiff's federal law claims, it has discretion to dismiss the plaintiff's state law claims as well.  28 U.S.C. § 1367(c)(3); *see also Vogel v. Winchell's Donut Houses Operating Co., LP*, 252 F. Supp. 3d 977, 986 (C.D. Cal. 2017) (dismissing plaintiff's state law claims for damages after dismissing plaintiff's ADA claim); *Pickern v. Best Western Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128, 1133 (E.D. Cal. 2002) (same).

In determining whether to dismiss supplemental state law claims, the court considers factors of economy, convenience, fairness, and comity.  *Imagineering, Inc. v. Kiewit Pacific Co.*, 976 F.2d 1303, 1309 (9th Cir. 1992).  Barring unusual or extraordinary circumstances, the consideration of these factors typically results in the court declining to exercise jurisdiction over the supplemental claims.  *See, e.g., Vogel*, 252 F. Supp. 3d at 986; *Antonio,* 2015 WL 13603781, at *3 (declining to exercise jurisdiction over plaintiff's state law claims after ADA claim was dismissed for failure to show injury); *Lerma v. NTT McKee Retail Center, LLC*, 2011 WL 4948667 at *5 (N.D. Cal., Oct. 18, 2011) (dismissing supplemental ADA-related state law claims after finding plaintiff's ADA-claims moot); *Pinnock v. Safino Designs, Inc.,* 2007 WL 2462107 at *4 (S.D. Cal., Aug. 29, 2007) ("Given the disparity in terms of comprehensiveness of the remedy sought, state

---

[7] Plaintiff's state law claims do not present a federal question.  *See Wander v. Kaus*, 304 F.3d 856, 859-60 (9th Cir. 2002) (holding that ADA-based state law claims seeking damages do not give rise to federal question jurisdiction); *Carpenter v. Raintree Realty, LLC*, No. CV 11–06798–RGK (MRWx), 2012 WL 2579179, at *2 (C.D. Cal. July 2, 2012) ("The mere fact that the Unruh Act incorporates violations of the ADA does not give [the] Court federal question jurisdiction over Plaintiff's state law claim.").

19

56778686v.2

law claims substantially predominate over the ADA for purposes of 28 U.S.C. § 1367(c)(2)."); *Molski v. EOS Estate Winery*, No. CV 03-5880-GAF, 2004 WL 3952249, at *4 (C.D. Cal. July 14, 2005) (declining to exercise jurisdiction over state law claims after ADA claim was dismissed; court noted that  plaintiff's ADA claim was merely a "jurisdictional hook" into federal court, but the "predominant focus" of the lawsuit was his damages under his state-law claims); *Pickern*, 194 F. Supp. 2d at 1133.

In this case, the issues of comity and fairness strongly favor dismissal of the remaining state law claims.  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them the surer-footed reading of the law.").  Plaintiff's state law claim rests solely upon an interpretation of state law, and there are no "unusual or extraordinary circumstances" that would justify remaining in federal court.  Accordingly, Plaintiff's state law claim should be dismissed.

## VI.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's ADA claim and decline to exercise supplemental jurisdiction over Plaintiff's state law claim.

DATE:  May 10, 2019                              SEYFARTH SHAW LLP


By: */s/ Julia N. Sarnoff*
Julia N. Sarnoff
Minh N. Vu

Attorneys for Defendant
ENTERPRISE RENT-A-CAR
COMPANY OF LOS
ANGELES, LLC

20

56778686v.2