SEYFARTH SHAW LLP
Julia N. Sarnoff (SBN 288531)
jsarnoff@seyfarth.com
Minh N. Vu (admitted pro hac vice)
mvu@seyfarth.com
975 F Street N.W.
Washington, D.C., 20004
Telephone:   (202) 463-2400
Facsimile:   (202) 828-5393

SEYFARTH SHAW LLP
Myra B. Villamor (SBN 232912)
E-mail: mvillamor@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendant
ENTERPRISE RENT-A-CAR
COMPANY OF LOS ANGELES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Shonna Counter**, <br><br> Plaintiff, <br><br> v. <br><br> **Enterprise Rent-A-Car Company of Los Angeles, LLC**, a Delaware Limited Liability Company; and Does 1-10, <br><br> Defendants. | Case No. 2:18-cv-10290-GW-AGR <br><br> **REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(1)** <br><br> Hearing Date: June 27, 2019_ <br> Time:            8:30 a.m. <br> Place:           Courtroom 9D <br> Judge:          Hon. George H. Wu <br><br> Date Action Filed:  December 12, 2018 <br> Trial Date:  None Set |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................... 1

II. DISMISSING THIS CASE FOR LACK OF STANDING DOES NOT REQUIRE THE COURT TO DECIDE THE MERITS OF PLAINTIFF'S ADA CLAIM .............................................................................. 1

III. PLAINTIFF'S "EVIDENCE" OF A THREAT OF FUTURE HARM IS NOT CREDIBLE AND DOES NOT ESTABLISH THAT SHE HAS STANDING TO BRING THIS LAWSUIT ............................................ 3

    A. Courts May Consider a Plaintiff's Contradictory Factual Record and Litigation History When Determining Whether a Plaintiff Has Article III Standing. ..................................................................... 3

    B. Plaintiff's Contradictory Factual Statements are Not Credible and Do Not Establish a Threat of Future Harm. ................................. 4

        1. Plaintiff's Ever-Changing Story .................................................. 4

        2. Blatant Inconsistencies in Plaintiff's Statements ....................... 5

            i. Statements about Plaintiff Driving ................................. 5

            ii. Statements about the March 13, 2019 Visit .................... 6

            iii. Statements About Cars Allegedly Rented For Plaintiff by Caregiver ..................................................... 7

            iv. Statements About Proximity to the Enterprise La Cienega Location, and Failure to Provide Address .......... 7

IV. PLAINTIFF'S "EVIDENCE" DOES NOT ESTABLISH A FUTURE INJURY BASED ON ALLEGED DETERRENCE ....................................... 9

V. IF THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S ADA CLAIM, IT MUST DISMISS HER STATE LAW CLAIM ...................................................... 13

VI. CONCLUSION .............................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Anderson v. Astrue*,
  No. 1: 08–cv–00033–SMS, 2008 WL 4506606 (E.D. Cal. Oct. 7, 2008) ............................................................................................................. 3

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
  631 F.3d 939 (9th Cir. 2011) ................................................................... 9, 10

*Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.*,
  867 F.3d 1093 (9th Cir. 2017) ................................................................ 12, 13

*Cole v. Sunnyvale*,
  No. C-08-05017 RMW, 2010 WL 532428 (N.D. Cal. Feb. 9, 2010) ............ 3

*Doran v. 7-Eleven, Inc.*,
  524 F.3d 1034 (9th Cir. 2008) ..................................................................... 11

*Fasugbe v. Willms*,
  No. CIV. 2:10-2320 WBS KJN, 2011 WL 2119128 (E.D. Cal. May 26, 2011) ...................................................................................................... 3

*Feezor v. Sears, Roebuck & Co.*,
  608 Fed.Appx. 476 (9th Cir. 2015) ........................................................ 9, 12

*Fortyune v. Am. Multi-Cinema Inc.*,
  364 F.3d 1075 (9th Cir. 2004) ....................................................................... 4

*In re Gilead Scis. Sec. Litig.*,
  536 F.3d at 1056-57 ..................................................................................... 10

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ....................................................................................... 4

*Orr v. Bank of Am., NT & SA*,
  285 F.3d 764 (9th Cir. 2002) ......................................................................... 7

*Pickern v. Holiday Quality Foods Inc.*,
  293 F.3d. 1133 (9th Cir. 2002) ............................................................... 10, 11

*Safe Air for Everyone v. Meyer*,
  373 F.3d 1035 (9th Cir. 2004) ....................................................................... 2

*Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty.*,
  343 F.3d 1036 (9th Cir. 2003) ....................................................................... 2

*Schneidereit v. Tr. of the Scott & Brian, Inc.*,
  No. CV1106919JVSRNBX, 2012 WL 12884908 (C.D. Cal. Apr. 27, 2012), *aff'd sub nom. Schneidereit v. Tr. of Scott & Brian, Inc.*,
  693 F. App'x 733 (9th Cir. 2017) .................................................................. 3

*Scott v. Pasadena Unified Sch. Dist.*,
   306 F.3d 646 (9th Cir. 2002) ............................................................................ 13

*Vogel v. Salazar*,
   No. SACV 14-00853-CJC, 2014 WL 5427531 (C.D. Cal. Oct. 24, 2014) ......................................................................................................... 12

*Vogel v. Sym. Properties, LLC*,
   No. CV 15-09855-AB (ASX), 2017 WL 4586348 (C.D. Cal. Aug. 4, 2017) ................................................................................................ 3, 11, 12

**Federal Statutes**

ADA ....................................................................................................... *passim*

ADA Title III ......................................................................................... 1, 4

**Rules**

Fed. R. Civ. Proc. 12(b)(1) ........................................................................ 2, 5

Fed. R. Civ. Proc. 901(a) ............................................................................... 7

## I. INTRODUCTION

Despite Plaintiff Shonna Counter's ("Plaintiff") attempt to obfuscate the issues, the key question to be answered in this factual attack on Plaintiff's standing to bring this ADA Title III lawsuit is straightforward:  Has Plaintiff met her burden of proving by a preponderance of the evidence that she faces an imminent injury in fact at the Enterprise Rent A Car location on La Cienega Boulevard (the "Enterprise La Cienega")?  Although Plaintiff has finally submitted declarations in opposing Defendant Enterprise Rent-A-Car Company of Los Angeles, LLC's ("Enterprise" or "Defendant") second Motion to Dismiss, the declarations provide no credible evidence to support her standing because they contradict numerous other representations Plaintiff has made to the Court.  Plaintiff's declaration is the latest installment of a story that changes each time Defendant introduces a fact that cannot be disputed but that contradicts Plaintiff's explanation as to why she would have a reason to be at Enterprise La Cienega in the future.  On a factual attack to standing, courts have the right to weigh the evidence and assess the credibility of witness statements.  Because the statements in Plaintiff's declarations are not credible, there is no evidence to support her claim of an imminent injury.

## II. DISMISSING THIS CASE FOR LACK OF STANDING DOES NOT REQUIRE THE COURT TO DECIDE THE MERITS OF PLAINTIFF'S ADA CLAIM

As an initial matter, Defendant is surprised that Plaintiff devotes a substantial portion of her Opposition brief to arguing that Defendant's jurisdictional motion to dismiss requires the Court to prematurely decide the merits of the case—namely whether the alleged practice of parking rental cars violates Title III of the ADA and whether it has ceased.  (Pl. Opp. at 7-10.)  Plaintiff made this exact same argument in her Opposition to Defendant's prior Motion to Dismiss Plaintiff's Complaint,[1] and the Court stated in its tentative ruling on that

---

[1] *See* "Plaintiff's Opposition to Defendant's Motion to Dismiss Complaint" (Dkt. No. 12), at pp. 2-5.

1
REPLY BRIEF ISO DEFENDANT'S MOTION TO DISMISS; CASE NO. 2:18-CV-10290-GW-AGR

motion that "[i]n the Court's mind, the jurisdictional facts are largely distinct from Plaintiff's claim." *See* "Tentative Ruling on Motion to Dismiss," Dkt. No. 15, at pp. 6-7.[2]

Here, the threshold and key question for the Court to decide is whether Plaintiff has plausibly demonstrated she has a reason to return to Enterprise La Cienega in the future where she would suffer an injury. The focus is on Plaintiff's future plans and what weight, if any, Plaintiff's professed intent to return to Enterprise La Cienega should be given in light of the numerous inconsistencies and contradictions in her statements to date. The fact that Defendant has implemented a written policy and trained its employees to not park in the accessible parking spaces—facts that have not been disputed by Plaintiff—is simply further evidence that there is no possibility that Plaintiff will suffer an injury in the future. Additionally, the fact that Plaintiff falsely claims in her First Amended Complaint that a rental vehicle was improperly parked in an accessible space on March 13, 2019, serves to show that Plaintiff is not credible and that her alleged intent to return to Enterprise La Cienega is not genuine. Neither of these facts are introduced by Defendant to establish mootness. Accordingly, Plaintiff's arguments concerning the mootness doctrine miss the mark.

---

[2] Plaintiff's claim that this jurisdictional motion should be treated as a motion for summary judgment is misguided, as Ninth Circuit case law is clear that in a factual attack on jurisdiction, a district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."); *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (holding that district court properly considered affidavits furnished by both parties when ruling on the defendant's factual attack on plaintiff's standing under Fed. R. Civ. Proc. 12(b)(1) as courts are permitted to look beyond the complaint).

### III. PLAINTIFF'S "EVIDENCE" OF A THREAT OF FUTURE HARM IS NOT CREDIBLE AND DOES NOT ESTABLISH THAT SHE HAS STANDING TO BRING THIS LAWSUIT

#### A. Courts May Consider a Plaintiff's Contradictory Factual Record and Litigation History When Determining Whether a Plaintiff Has Article III Standing.

In a factual attack on a plaintiff's standing, "the Court may consider evidence presented on the jurisdictional issue, weigh the evidence, and rule on that issue, resolving factual disputes if necessary." *Anderson v. Astrue*, No. 1: 08–cv–00033–SMS, 2008 WL 4506606 at *1 (E.D. Cal. Oct. 7, 2008). One of the issues courts may consider when determining a plaintiff's standing is the credibility of a plaintiff's allegations and evidence. In particular, a court may consider a plaintiff's contradictory allegations in a prior pleadings when determining the plausibility of the allegations in the plaintiff's amended complaint. *See Schneidereit v. Tr. of the Scott & Brian, Inc.*, No. CV1106919JVSRNBX, 2012 WL 12884908, at *1 (C.D. Cal. Apr. 27, 2012), *aff'd sub nom. Schneidereit v. Tr. of Scott & Brian, Inc.*, 693 F. App'x 733 (9th Cir. 2017) (". . . the Court may consider Plaintiffs' prior allegations in determining the plausibility of their allegations in the TAC").[3] The issue of a prior contradictory factual record is especially pertinent to credibility in cases involving serial plaintiffs. *See Vogel v. Sym. Properties, LLC*, No. CV 15-09855-AB (ASX), 2017 WL 4586348, at *6 (C.D. Cal. Aug. 4, 2017) (dismissing ADA case for lack of standing because "Plaintiff's litigation history, coupled with a contradictory factual record, raises serious credibility questions and calls into question Plaintiff's stated purpose for visiting the Shopping Center.").

---

[3] *See also Fasugbe v. Willms*, No. CIV. 2:10-2320 WBS KJN, 2011 WL 2119128, at *5 (E.D. Cal. May 26, 2011) ("Thus, plaintiffs may alter their allegations in an amended complaint, but the court may properly consider the plausibility of the FAC in light of the prior allegations."); *Cole v. Sunnyvale*, No. C-08-05017 RMW, 2010 WL 532428, at *4 (N.D. Cal. Feb. 9, 2010) ("The court may also consider the prior allegations as part of its 'context-specific' inquiry based on its judicial experience and common sense to assess whether the Third Amended Complaint plausibly suggests an entitlement to relief....").

Here, Plaintiff's constantly changing story has created a contradictory factual record that courts in the Ninth Circuit have found to be dispositive of a plaintiff's standing. In light of Plaintiff's contradictory assertions in this action and the misrepresentations she has made in her pleadings to federal courts in 36 of the ADA actions she filed in the past eight months, the Court should not believe Plaintiff's "evidence" of past and future risk of injury.

### B. Plaintiff's Contradictory Factual Statements are Not Credible and Do Not Establish a Threat of Future Harm.

To have standing to bring a claim under Title III of the ADA, Plaintiff must establish that she has suffered an injury in fact, and that she faces a real and immediate threat of repeated injury in the future. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Fortyune v. Am. Multi-Cinema Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004).

#### 1. Plaintiff's Ever-Changing Story

In the original Complaint, Plaintiff alleged that she "drives a van that has a handicapped placard" (Compl. ¶ 1) and that after she totaled her car in February 2018, she "had a need and desire to rent vehicles from Enterprise." (*Id.* at ¶ 13.) Plaintiff said she wanted to rent cars from Enterprise La Cienega because it "is so conveniently located" but had to "reluctantly use[] another Enterprise Rent-A-Car that is not conveniently located" because rental cars are parked in the accessible parking space at the Enterprise La Cienega. (*Id.* at ¶ 23). A fair reading of these allegations is that Plaintiff drove herself and needed to rent a car to drive because she had totaled her car in February 2018.

Defendant moved to dismiss the Complaint for lack of subject matter jurisdiction and submitted uncontroverted evidence that Plaintiff has never reserved a vehicle from any Enterprise location in Southern California since

January 1, 2018.[4]  Plaintiff submitted no declaration in opposing this motion,[5] and instead filed a First Amended Complaint restating that Plaintiff "drives a van" but now alleging that her caregiver rented vehicles for her.  (Am. Compl. ¶¶ 1, 34.)  In response, Defendant filed this second Motion to Dismiss and submitted evidence that none of the rental records for the caregiver, Mr. Kann, show Plaintiff or anyone else as a second authorized driver.  *See* McGlynn Decl. ¶¶ 12-17 and Exhibits 1-5 thereto.  Caught in yet another lie, Plaintiff submitted her first and only declaration in which she now claims that Mr. Kann rented the vehicles for her, that she pays him back "informally through buying his meals and cash," and that she never drives herself (Declaration of Shonna Counter ("Counter Decl.") ¶¶ 7, 11, 12.)

### 2. Blatant Inconsistencies in Plaintiff's Statements
#### i. Statements about Plaintiff Driving

In her declaration, Plaintiff says she is "always a passenger in any vehicle, my own or a rental vehicle."  (Counter Decl. ¶¶ 7, 10.)  This claim directly contradicts Plaintiff's allegations in the original Complaint and the First Amended Complaint, both of which unequivocally state that "Plaintiff drives a van." (Compl. ¶ 1; Am. Compl. ¶ 1.)  Even more troubling is the fact that this is not the only ADA action where Plaintiff has said she drives a van.  Plaintiff has alleged that she drives a van in 36 ADA actions she filed in federal courts since October 2018.  *See* Declaration of Julia Sarnoff, dated June 13, 2019, at ¶¶ 2-4, and Exhibits 1-37 thereto.  In light of this discrepancy, the Court must consider whether Plaintiff is not telling the truth when she says in her declaration that she does not drive herself, or whether Plaintiff has made material misrepresentations to

---

[4]  *See* "Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(1)" (Dkt. No. 10) and Exhibit 7 thereto (Declaration of Paul McGlynn).
[5]  *See* "Plaintiff's Opposition to Defendant's Motion to Dismiss Complaint" (Dkt. No. 12).

1  the court in the 36 ADA actions where she has alleged that she "drives a van."  In
2  either scenario, Plaintiff has not been honest in her pleadings, and her statements
3  are not credible and should not be credited by the Court.

### ii. Statements about the March 13, 2019 Visit

Plaintiff has attempted to mislead the Court about her March 13, 2019 visit to the Enterprise La Cienega.  On April 23, 2019, Plaintiff filed the First Amended Complaint to specifically add the allegation that (1) she had seen a car illegally parked in the accessible space at this location on March 13, 2019, (2) she personally took a photo of the car, and (3) an employee who saw her take the photo chased her down and screamed at her.  (Am. Compl. ¶¶ 24-30.)  In response, Defendant submitted to this Court properly authenticated photos of the same car on the same day showing that the car had a disability placard.  *See* Brownbey Decl. ¶¶ 5-8 and Exhibit 2 thereto.  In other words, the car was properly parked in the accessible space and Defendant was in compliance with the ADA.  Even after seeing this evidence, Plaintiff submitted her declaration stating that her photograph of this car is evidence that Enterprise La Cienega continues to park rental vehicles in accessible spaces.  (Counter Decl. ¶¶ 25-27.)  This assertion is patently false because the car had a disability placard displayed and Plaintiff had the photographs establishing this fact.

Even more disturbing is Plaintiff's statement in her declaration that her caregiver Gary Kann took the photos of the car on March 13, 2019 while she "remained in the vehicle."  (Counter Decl. ¶ 27.)  This statement directly contradicts Plaintiff's allegation in her First Amended Complaint that "*Plaintiff* took a photograph of the vehicle parked across the parking space reserved for persons with disabilities." (Am. Comp. ¶ 26, emphasis added.)  Plaintiff's admission that she remained in the car on March 13, 2019 also casts doubt on her claim that she was accosted by an Enterprise La Cienega employee.  It should be

noted that Mr. Kann's declaration neither addresses the March 13, 2019 visit, nor does it state that he took any photos. Thus, the photographs are not authenticated and are not proper evidence. *See* Fed R. Civ. Pr. 901(a); *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) ("Authentication is a condition precedent to admissibility. . .") (internal quotations omitted). Plaintiff also fails to explain why, if Mr. Kann was the person taking the photos, the employee approached and "screamed in an antagonizing and threatening manner" at Plaintiff instead of Mr. Kann. (Counter Decl. ¶ 28.)

### iii. Statements About Cars Allegedly Rented For Plaintiff by Caregiver

Plaintiff claims in her declaration that she needs "a vehicle entrance of a certain height and width to allow me to transfer from my manual wheelchair to the vehicle more easily" and that Mr. Kann rented a car on August 7, 2018 to take her to a birthday party. (Counter Decl. ¶¶ 7, 16.) However, Mr. Kann's verified rental records submitted with Defendant's Motion show that he rented a *compact* car on August 8, 2018—a vehicle which almost certainly would not have met the height and width dimensions Plaintiff allegedly requires to transfer from her wheelchair into the vehicle. *See* McGlynn Decl., Exhibit 3 at p. 5.

### iv. Statements About Proximity to the Enterprise La Cienega Location, and Failure to Provide Address

Plaintiff has been inconsistent in her allegations regarding the location of Enterprise La Cienega in relation to her home, and she has failed to provide her home address or even the name of the city where she lives. In her original Complaint, Plaintiff claimed that she intends to return to Enterprise La Cienega because this location is conveniently located "just 1/3rd of a mile from [P]laintiff's home." (Compl. ¶¶ 23-24.) But Plaintiff omitted this allegation in her First Amended Complaint, and replaced it with a vague allegation that she will return to

7
REPLY BRIEF ISO DEFENDANT'S MOTION TO DISMISS; CASE NO. 2:18-CV-10290-GW-AGR

57431626v.5

Enterprise La Cienega because "Enterprise is so conveniently located" and "Plaintiff is very regularly in the area of Enterprise." (Am. Compl. ¶¶ 33, 35, 49.) Now, faced with a factual challenge as to whether she intends to visit Enterprise La Cienega in the future, Plaintiff says (in the past tense) that "[i]n 2018, the Enterprise located at 1435 S. La Cienega, Los Angeles, California *was* close enough to my home that I could travel there alone in my power wheelchair," and that "when I need to rent a vehicle in the future, the Enterprise [La Cienega] . . . would be the most convenient location from which to do so." (Counter Decl. ¶¶ 8, 31, emphasis added.)

Plaintiff's changing statements and failure to provide her current address suggest that she no longer lives near the Enterprise La Cienega, undermining her claim that she would have a reason to return to this location in the future. Plaintiff's statements also raise a number of other questions. For example, if (as she now claims), Plaintiff does not drive herself and Mr. Kann must always rent vehicles on her behalf, why would she be traveling alone to Enterprise La Cienega in her power wheelchair? And how would she rent a vehicle from Enterprise La Cienega by herself, if Mr. Kann is the person renting the vehicles and Plaintiff is not even paying for the rental or driving the car? And if she does not drive, why does she allege in her declaration that "I would like the ability to safely and *independently* park and access the Enterprise"? (Counter Decl. ¶ 32, emphasis added.)

Considering all of the inconsistencies in Plaintiff's declaration and her ever-changing story, Plaintiff's stated reasons for wanting to come back to the Enterprise La Cienega are simply not credible. Plaintiff cannot even keep straight which type of wheelchair she uses—her declaration states that she needs a certain type of vehicle to transfer from her *manual wheelchair*, but in this same declaration Plaintiff claims that "[i]n 2018, Enterprise [La Cienega] was close

8
REPLY BRIEF ISO DEFENDANT'S MOTION TO DISMISS; CASE NO. 2:18-CV-10290-GW-AGR

57431626v.5

enough to my home that I could travel there alone in my *power wheelchair*." See Counter Decl. ¶¶ 7-8 (emphasis added).

## IV. PLAINTIFF'S "EVIDENCE" DOES NOT ESTABLISH A FUTURE INJURY BASED ON ALLEGED DETERRENCE

Plaintiff devotes a substantial portion of her opposition to explaining how she faces an imminent injury because she is deterred from returning to the Enterprise La Cienega. This argument fails for three reasons.

First, Plaintiff claims that she went to the Enterprise La Cienega "at least a dozen times" during 2018. (Counter Decl. ¶ 9.) If this is true (which Defendant disputes), Plaintiff clearly has not been deterred. While Plaintiff may have believed that visiting Enterprise La Cienega 12+ times would provide her with an opportunity to collect additional statutory damages under California law, Plaintiff cannot have it both ways.

Second, on the most recent occasion that Plaintiff visited the La Cienega—presumably to "test" the location—on March 13, 2019, the accessible parking was being properly utilized by a car that displayed a disability placard. *See* Brownbey Decl. ¶¶ 5-8 and Exhibit 2 thereto. Thus, there is no reason for Plaintiff to be deterred should she have a need to return in the future.

Third, to claim deterrence injury, a plaintiff must show that she would have a desire and reason to visit the non-compliant accommodation but for the known barrier. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 949 (9th Cir. 2011). In the Ninth Circuit, "[a] plaintiff's profession of an 'intent' to return to the places he had visited before is not sufficient to establish standing because such 'some day' intention—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require." *Feezor v. Sears, Roebuck & Co.*, 608

9
REPLY BRIEF ISO DEFENDANT'S MOTION TO DISMISS; CASE NO. 2:18-CV-10290-GW-AGR

57431626v.5

Fed.Appx. 476, 477 (9th Cir. 2015) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992)).

As discussed in Defendant's initial Motion papers, Plaintiff's First Amended Complaint includes no allegations of concrete plans or even any specification of when she will some day return to Enterprise La Cienega. *See* "Defendant's Motion to Dismiss First Amended Complaint," Dkt. No. 28, at pp. 12-14. Plaintiff alleges that she needed to rent a car because her car was totaled in an accident in February 2018, but she fails to explain why she still needs a rental vehicle more than 1.5 years after the accident. (*Id.* at p. 13.) She also claims that she "will continue to desire to patronize Enterprise" if the parking issues are remediated and that she currently uses another Enterprise location, but it is undisputed that Plaintiff has never personally rented a vehicle from any Enterprise Rent A Car location in Southern California since January 1, 2018. (*Id.*)

Plaintiff argues in her Opposition brief that she has somehow automatically satisfied her standing burden because she styled the deterrence allegation in her First Amended Complaint to "match the *Chapman* court's holding, almost word for word." This argument is completely misguided. It is axiomatic that a plaintiff cannot establish standing by simply reciting a legal standard. *See, e.g.*, *In re Gilead Scis. Sec. Litig.*, 536 F.3d at 1056-57 (a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

In each of the Ninth Circuit deterrence cases Plaintiff cites to in her Opposition, the plaintiff provided, on the record, a concrete reason for returning to the defendant's property. In *Pickern v. Holiday Quality Foods Inc.*, the plaintiff suffered a "concrete, particularized injury" when he stated on the record that the defendant's grocery store in question belonged to his favorite chain, Holiday Foods. *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d. 1133, 1135 (9th Cir.

2002). Though he lived some distance from the store, the plaintiff visited the area on a nearly weekly basis to visit his grandmother. *Id.* The plaintiff stated that he would like to visit that particular Holiday Foods when he visited his grandmother but the barriers he encountered deterred him from doing so. *Id.* These facts, the Ninth Circuit held, were "sufficient to establish actual or imminent injury for purposes of standing." *Id.* at 1138.

The court in *Doran v. 7-Eleven, Inc.* found the plaintiff had established standing because the plaintiff stated on the record at his deposition that he visited the 7-Eleven store in question ten to twenty times before filing a claim, and that the store was conveniently located near his favorite restaurants in Anaheim, which the plaintiff planned to visit at least once a year on his annual trips to Disneyland. *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040-41 (9th Cir. 2008). Based on the plaintiff's prior visits and his concrete plans to return, the court found plaintiff had established injury in fact. *Id.* at 1041 ("[D]eposition testimony demonstrates both Doran's continued deterrence from patronizing the store and his intention to return in the future once the barriers to his full and equal enjoyment of the goods and services offered there have been removed.").

Unlike the plaintiffs in *Pickern* and *Doran*, Plaintiff here fails to provide any specific evidence regarding why her assertion of deterrence is not merely hypothetical. Numerous courts in this Circuit have dismissed cases due to similarly conclusory statements regarding a plaintiff's stated deterrence. For example, in *Vogel v. Sym. Properties, LLC*, the court found that the plaintiff did not have standing to bring his ADA claim because he provided no facts or evidence indicating why he preferred, or had reason to prefer, the restaurants and shops at the defendant's shopping center, and instead asserted only conclusory claims that he "encountered barriers (both physical and intangible)," and that "[h]e continues to be deterred from visiting the Shopping Center because of the future

11

threats of injury created by these barriers." *Vogel v. Sym. Properties, LLC*, 2017 WL 4586348, at *4. In *Feezor v. Sears, Roebuck & Co*, the Ninth Circuit held that "Plaintiff's conclusory statements that he [was] deterred from visiting Sears [were] insufficient to demonstrate that he would shop at Sears if it were accessible." *Feezor*, 608 Fed.Appx. at 477. Further, in *Vogel v. Salazar*, the court found the plaintiff lacked standing because he failed "to assert or point to any colorable facts to prove that his assertion of deterrence is not merely hypothetical." *Vogel v. Salazar*, No. SACV 14-00853-CJC (DFMx), 2014 WL 5427531, at *2 (C.D. Cal. Oct. 24, 2014). There, the Court found phrases such as "because of 'physical and intangible' barriers," "he has been 'deterred,' and he 'continues to be deterred from visiting the Restaurant'" were too conclusory to confer standing. *Id.* Here, Plaintiff's stated intentions are similarly conclusory and insufficient to establish that Plaintiff is deterred from visiting Enterprise La Cienega.

      The Opposition's argument that Plaintiff is not required to provide a reason for returning to Enterprise La Cienega because she is a tester is similarly misguided. As a preliminary matter, the tester case Plaintiff relies on in her Opposition brief is easily distinguished by the fact that the defendant did not make a factual attack on the plaintiff's standing. *See Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1098–99 (9th Cir. 2017). As a result, the *Civil Rights Educ. & Enf't Ctr.* court's evaluation of the plaintiff's standing was limited to the face of the pleadings and focused on "construing the factual allegations in the complaint in favor of the plaintiff." *Id.* at 1099. Here, Defendant has made a factual challenge of Plaintiff's standing, and Plaintiff cannot rely on her conclusory and self-serving statements in the First Amended Complaint and in her declaration which cannot be believed for all the reasons previously discussed. Furthermore, the *Civil Rights Educ. & Enf't Ctr.* court specifically states that "in

12
REPLY BRIEF ISO DEFENDANT'S MOTION TO DISMISS; CASE NO. 2:18-CV-10290-GW-AGR
57431626v.5

the absence of travel plans, a past visit might not be sufficient evidence of imminent future harm." *Id.* at 1099-1100.

Here, the fact that Plaintiff may have visited Enterprise La Cienega in the past is not enough to establish that she will return to Enterprise La Cienega in the future. Similarly, the fact that there may have been issues with Enterprise La Cienega's accessible parking in the past, prior to the issuance of the Accessible Parking Policy, does not mean that there will be problems with Enterprise's accessible parking practices in the future. In fact, it is undisputed that on the one occasion Plaintiff returned to Enterprise La Cienega since filing this lawsuit, a car with a disability placard was properly parked in the accessible parking space.[6]

## V. IF THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S ADA CLAIM, IT MUST DISMISS HER STATE LAW CLAIM

Once a district court determines it no longer has subject-matter jurisdiction over a Plaintiff's federal claims, then it has no discretion to retain supplemental jurisdiction over state-law claims. *See Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) (holding that the district court could not exercise supplemental jurisdiction of state law claims once it found that the court had no subject matter jurisdiction over the federal claim). Since Plaintiff has failed to establish that the Court has subject matter jurisdiction over her ADA claim, the

---

[6] With regard to Plaintiff's objection to Paragraph 4 of the Declaration of Jason Perla, Defendant responds that Mr. Perla's statements in this Paragraph are not in any way inadmissible hearsay because they are based entirely on his personal knowledge. As Mr. Perla states: "I am not aware of any person making an in-person complaint about rental vehicles being parked in the accessible parking spaces at Enterprise La Cienega." Mr. Perla is not attesting to any statements made to him by Enterprise La Cienega employees; he is simply attesting to his own personal knowledge that he is not aware of any complaints being made.

With regard to Plaintiff's objection to the signed accessible parking policy documents attached at Exhibit 1 to the Declaration of Deborah Manson, Defendant does not offer this evidence to prove that Enterprise La Cienega's accessible parking policy is in fact being adhered to. This evidence is offered by Defendant to show that Enterprise La Cienega does have a policy in place and that it provided training to employees on the policy. Plaintiff does not dispute these facts.

13
REPLY BRIEF ISO DEFENDANT'S MOTION TO DISMISS; CASE NO. 2:18-CV-10290-GW-AGR

57431626v.5

Court is thus required to decline supplemental jurisdiction over Plaintiff's state law claim.

## VI. CONCLUSION

Because Plaintiff has not alleged credible facts sufficient to meet her burden of proving by a preponderance of the evidence that she is under threat of the imminent injury in fact that is essential to this Court's subject matter jurisdiction over her ADA claim, the claim must be dismissed and the Court should exercise its discretion to decline supplemental jurisdiction over her California state law claim.

DATE: June 13, 2019　　　　　　　　　　SEYFARTH SHAW LLP

By: */s/ Julia N. Sarnoff*
Julia N. Sarnoff
Minh N. Vu
Myra B. Villamor

Attorneys for Defendant
ENTERPRISE RENT-A-CAR
COMPANY OF LOS
ANGELES, LLC